# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 24 2015, 10:39 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

**ATTORNEY FOR APPELLANT**

Julianne L. Fox
Evansville, Indiana

**ATTORNEY FOR APPELLEE**

Robert R. Faulkner
Evansville, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

In the Matter of the Adoption of:
A.E.G.

A.G.,

*Appellant-Defendant,*

v.

E.R.J.,
and K.M.J.

*Appellees-Plaintiffs*

July 24, 2015

Court of Appeals Case No.
82A01-1411-AD-475

Appeal from the Vanderburgh
County Superior Court

The Honorable Renee A. Ferguson,
Magistrate

Cause No. 82D07-1405-AD-46

**Bailey, Judge.**

# Case Summary

[1] A.G. ("Father") appeals the trial court's order denying his motion to continue, presenting the issue of whether the trial court abused its discretion and denied him due process by proceeding with a hearing in which it found his consent to the adoption of A.E.G. ("Child") unnecessary.[1]  We affirm.

# Facts and Procedural History

[2] On June 9, 2012, Father stabbed and killed his pregnant wife, K.G. ("Mother"), while then three-year-old Child was present.  In 2013, Father was convicted of murder and, on December 23, 2013, was sentenced to sixty-five years imprisonment, enhanced by thirty years for being a habitual offender and twenty years for causing the termination of a human pregnancy.[2]

[3] Since Mother's death, Child has been living with her maternal grandparents, E.R.J. and K.M.J. ("Grandparents").  On May 7, 2014, Grandparents filed a petition to adopt Child.  Also on May 7, 2014, a notice of adoption was mailed to Father at the Indiana Department of Correction ("DOC").  The notice was

---

[1] Because we find this issue dispositive, we do not address Father's alternate argument regarding the timeliness of his motion to contest.

[2] Father's conviction and aggregate 115 year sentence were affirmed by this Court in an unpublished opinion issued in December 2014.  Father's petition to transfer to the Indiana Supreme Court was denied on March 19, 2015.  His earliest projected release date is in 2070.

received on May 9, 2014. Father then filed a motion to contest the adoption on June 11, 2014. He was appointed indigent counsel on June 13, 2014.

[4] By agreement of counsel, a hearing was scheduled for October 16, 2014. On the day of the hearing, Father by counsel filed a motion to continue because counsel had been unable to contact Father via phone.[3] Father requested that the trial court set two new hearing dates: one so that counsel could contact Father via a court phone and the second to hear evidence on whether Father's consent was necessary.

[5] Grandparents objected, arguing that they were ready to proceed. After a sidebar conference,[4] the court held a hearing on the necessity of Father's consent. Grandparents presented evidence related to Father's conviction and sentence in the murder case, including certified copies of the docket, abstract of judgment, and probable cause affidavits. The trial court also took judicial notice of its own case.

[6] The trial court found that Father was convicted of and currently incarcerated for the murder of Mother and Father's consent to the adoption could be

---

[3] Father's counsel explained that she could not reach Father because of restrictions imposed by prison management. The trial court confirmed that multiple DOC facilities were not permitting attorneys to call their incarcerated clients, instead insisting that the trial court call. The court explained that "obviously the Court has to remain neutral and unbiased and it would be inappropriate for the Court to contact the inmate. So . . . we're trying to do a work around where basically the Public Defender has the consent of the Court to call from a Court phone, represent themselves as the Court to the institution for the purpose of getting their . . . client on the phone so they can speak to them." (Tr. 7-8.)

[4] The entire conference was inaudible to the court reporter.

dispensed with under Indiana Code section 31-19-9-9.[5]  The court also found Father was not entitled to notice under Section 31-19-2.5-4.  The court denied Father's motion to continue.

[7]  The court then heard evidence that Child was "terrified" of Father and, if Father's name comes up, "she goes into a bit of recession or hiding."  (Tr. 18.) Child's professional therapist also recommended against communication with Father.  After hearing additional evidence regarding the best interests of Child, the trial court granted Grandparents' petition to adopt.

[8]  Father now appeals.

# Discussion and Decision

## Standard of Review

[9]  Father argues that the trial court abused its discretion and denied him due process when the court denied his motion to continue and proceeded to a hearing in which the court found that Father's consent could be dispensed with.

[10]  The decision to grant or deny a motion for a continuance rests within the sound discretion of the trial court.  *In re A.D.W.*, 907 N.E.2d 533, 537 (Ind. Ct. App.

---

[5] Although the trial court cited Indiana Code section 31-19-9-10 – a statute dispensing with parental consent to adoption where a parent commits neglect of a dependent or certain crimes against the child's sibling – we think it is clear that the trial court's findings related to Section 31-19-9-9 (crimes against the child's other parent).  The trial court clearly stated that Father's "consent to the adoption is not necessary, given that the child's Mother was the victim of his crime." (Tr. 10.)

2008), *trans. denied*. This Court will reverse the trial court only when there has been an abuse of discretion. *Id.* An abuse of discretion may be found when the moving party has shown good cause for granting the motion for continuance. *Id.* However, no abuse of discretion will be found if the denial did not result in prejudice to the moving party. *Id.*

[11] Parental consent is generally required to adopt a child in Indiana. Ind. Code § 31-19-9-1. Parental consent is not required, however, where (1) at the time the petition is filed, the parent is convicted of and incarcerated for murder; (2) the victim of the crime is the other parent; and (3) the court determines, after notice to the convicted parent and a hearing, that dispensing with the parent's consent is in the child's best interests. I.C. § 31-19-9-9. Notice of the pendency of the adoption proceedings does not have to be given to a person whose consent is not required by Section 31-19-9-9. I.C. § 31-19-2.5-4.

[12] Father argues that the trial court abused its discretion in denying his motion to continue because the ruling effectively denied him due process and his right to counsel. Specifically, he argues that because the denial prevented him from speaking with counsel on the phone, he "was prevented from presenting any evidence regarding the best interests of the child[.]" (Appellant's Br. 6.)

[13] Father received notice of the adoption proceedings, and received a hearing on the necessity of his consent. At that hearing, Grandparents introduced evidence of Father's parental misconduct, specifically, that Father brutally murdered Mother by stabbing her in the heart while Child was present. The evidence

included certified copies of the docket, abstract of judgment, and probable cause affidavits from the murder case. The court also took judicial notice of its own case. Based on the evidence presented, the trial court found that Father's consent could be dispensed with. Implicit in the court's finding was that it was in Child's best interests to dispense with Father's consent and to proceed to the final adoption. The court also heard evidence that Child was "terrified" of Father, when Father's name comes up Child "goes into a bit of recession or hiding," and Child's professional therapist recommended against communication with Father. (Tr. 18.)

[14] Parents have a right to counsel in proceedings to terminate the parent-child relationship. I.C. § 31-32-2-5. These rights apply in adoption proceedings where the petitioners seek to adopt over the objections of one or both of the natural parents. *In re Adoption of Baby W.*, 796 N.E.2d 364, 375 (Ind. Ct. App. 2003). Here, Father was appointed indigent counsel on June 13, 2014, four months prior to the hearing. Although counsel was aware of recent barriers to communicating with incarcerated clients, Father's counsel did not request a continuance for this reason until the day of the hearing.

[15] However, even where the moving party has shown good cause for granting the motion for continuance, we will not find an abuse of discretion if the denial did not result in prejudice to the moving party. *Id.* On appeal, Father fails to identify any evidence or additional facts related to Child's best interests that Father would have presented had the court granted his motion to continue. *In re A.D.W.*, 907 N.E.2d 533, 537 (Ind. Ct. App. 2008), *trans. denied*. Absent

identification of such facts, we cannot say that the trial court's denial of the continuance resulted in prejudice to Father, where the evidence presented established that Father is currently serving a 115-year sentence for murdering Child's mother.

# Conclusion

[16] The trial court did not abuse its discretion in denying Father's motion to continue. Having received notice and a hearing on the necessity of his consent, Father received the process due under the statute.

[17] Affirmed.

Riley, J., and Barnes, J., concur.